

**United States Department of Justice**

**United States Attorney**
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

FILED AUG 3 1 2016
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

August 5, 2016

Ann Mason Rigby
FEDERAL PUBLIC DEFENDER'S OFFICE
Room 3400
300 Virginia Street East
Charleston, WV 25301

      Re: United States v. Steven Eugene Adkins

Dear Ms. Rigby:

    This will confirm our conversations with regard to your client, Steven Eugene Adkins (hereinafter "Mr. Adkins"). As a result of these conversations, it is agreed by and between the United States and Mr. Adkins as follows:

    1. **PENDING CHARGES**. Mr. Adkins is charged in a Four-count indictment in Criminal No. 2:16-cr-00117 as follows: Counts One through Four charge Mr. Adkins with a violation of 21 U.S.C. § 841(a)(1) (distribution of methamphetamine).

    2. **CHARGING AGREEMENT**. Mr. Adkins agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    3. **RESOLUTION OF CHARGES**. Mr. Adkins will plead guilty to the information, which charges him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm). Following final disposition, the United States will move the Court to dismiss Counts One through Four in Criminal No. 2:16-cr-00117.

_SEA_
Defendant's
Initials

4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Adkins will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of up to 10 years;

   (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

   (c) A term of supervised release of 3 years;

   (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

   (e) An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

5. **SPECIAL ASSESSMENT.** Mr. Adkins has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Adkins agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

6. **ABANDONMENT OF PROPERTY.** Mr. Adkins hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in that certain Smith & Wesson, Model 22A-1 pistol seized from him at the time of his arrest on January 14, 2016, (or "voluntarily relinquished by him"). The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

*SEA*
Defendant's Initials

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Adkins agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Adkins further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

8. **COOPERATION.** Mr. Adkins will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Adkins may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Adkins, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Adkins for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Adkins for

SEA
_____
Defendant's
Initials

perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Adkins stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Adkins agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried on any of the charges in the information, and other relevant conduct, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Adkins or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Adkins knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Adkins understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Adkins agree that the following provisions of the United States Sentencing Guidelines apply to this case.

_SEA_
Defendant's Initials

<u>USSG §§ 2K2.1(a)(2) and 2K2.1(b)(6)(B)</u>

| | |
|---|---|
| Base offense level | 24 |
| Possession of firearm in connection with another felony | +4 |

The parties do not have an agreement with respect to the applicability of the sentencing enhancement under USSG § 3C1.2 and reserve the right to argue in support of or against the determination of the appropriate offense level.

The United States and Mr. Adkins acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Adkins knowingly and voluntarily waives the right to seek appellate review of his conviction and of any sentence of imprisonment, fine or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment, fine or term of supervised release is below or within the Sentencing Guideline range corresponding to offense level 30, regardless of his Criminal History Category. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 21, regardless of the defendant's Criminal History Category.

SEA
_____
Defendant's
Initials

Mr. Adkins also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Adkins knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Adkins;

_SEA_
Defendant's Initials

  (f) Advise the Court concerning the nature and extent of Mr. Adkins's cooperation; and

  (g) Address the Court regarding the issue of Mr. Adkins's acceptance of responsibility.

 16. **VOIDING OF AGREEMENT**. If either the United States or Mr. Adkins violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

 17. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Adkins in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Adkins in any Court other than the United States District Court for the Southern District of West Virginia.

 Acknowledged and agreed to on behalf of the United States:

        CAROL A. CASTO
        United States Attorney

   By: *[signature]*
        W. CLINTON CARTE
        Assistant United States Attorney

WCC/gjb
Enclosures

_SEA_
Defendant's Initials

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        _____
Steven Eugene Adkins                         Date Signed
Defendant                                    8-7-16


_____        _____
Ann Mason Rigby                              Date Signed
Counsel for Defendant                        8/7/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. _____
    18 U.S.C. § 922(g)(1)
    18 U.S.C. § 924(a)(2)

**STEVEN EUGENE ADKINS**

## I N F O R M A T I O N

The United States Attorney Charges:

1. On or about January 14, 2016, at or near St. Albans, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant STEVEN EUGENE ADKINS knowingly possessed a Smith & Wesson Model 22A-1 firearm in and affecting interstate commerce.

2. At the time defendant STEVEN EUGENE ADKINS possessed the aforesaid firearm, he had been convicted of crimes punishable by a term of imprisonment exceeding one year as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about September 14, 2009, in the Circuit Court of Kanawha County, West Virginia, of the felony offense of possession with the intent to deliver marijuana in Case Number 09-F-118, and also convicted on or about April 29, 2011, in the Circuit Court of Kanawha County, West Virginia, of

"PLEA AGREEMENT EXHIBIT A"

the felony offense of possession with the intent to deliver marijuana in Case Number 11-F-169.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

CAROL A. CASTO
United States Attorney

By: /s/ W. Clinton Carte
W. CLINTON CARTE
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO._____

**STEVEN EUGENE ADKINS**

### STIPULATION OF FACTS

The United States and Steven Eugene Adkins ("Mr. Adkins") stipulate and agree that the facts comprising the offense of conviction (in the Information in the Southern District of West Virginia) and the relevant conduct for that offense, include the following:

1. On or about January 14, 2016, at or near St. Albans, Kanawha County, and within the Southern District of West Virginia, Mr. Adkins possessed a firearm, that is, a Smith & Wesson Model 22A-1 pistol.

2. Mr. Adkins was prohibited from possessing any firearm by virtue of his convictions in the Circuit Court of Kanawha County, West Virginia, on or about September 14, 2009, for possession with intent to deliver marijuana and on or about April 29, 2011, for possession with intent to deliver marijuana.

3. The firearm possessed by Mr. Adkins functioned as designed and traveled in or affected interstate commerce because the firearm was manufactured outside the state of West Virginia.

_SEA_
Defendant's Initials

"PLEA AGREEMENT EXHIBIT B"

4. At the time Mr. Adkins possessed the firearm, he was driving on MacCorkle Avenue in St. Albans. Mr. Adkins ran a red light and a St. Albans Police Department officer activated the emergency lights of the patrol car in an attempt to initiate a traffic stop.

5. Mr. Adkins continued to travel West on MacCorkle Avenue and did not attempt to stop. Mr. Adkins put his arm out of the window and pointed to the sky, but still did not stop.

6. During the course of the chase, Mr. Adkins exceeded the speed limit, passed vehicles in the curves despite the double yellow line, and traveled the wrong way on a one-way street.

7. The car chase ended in Nitro, and Mr. Adkins jumped out of his vehicle. Mr. Adkins took a lock box and a nylon pistol case from his vehicle, and then ran while law enforcement pursued on foot.

8. After a brief foot chase, law enforcement arrested Mr. Adkins while he was still carrying the pistol case, which was halfway unzipped and contained a loaded Smith & Wesson Model 22A-1 pistol, and the lock box, which contained approximately 19.6 grams of methamphetamine and approximately 4.5 grams of marijuana. Law enforcement seized the firearm, the methamphetamine, and the marijuana. Law enforcement also seized 40 knives and a machete from the vehicle.

9. All of the above events and actions took place in St. Albans and Nitro, Kanawha County, West Virginia, and within the Southern District of West Virginia.

SEA
Defendant's Initials

"PLEA AGREEMENT EXHIBIT B"

2

This Stipulation of Facts does not contain each and every fact known to Mr. Adkins and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information.

Stipulated and agreed to:

_____  8-7-16
STEVEN EUGENE ADKINS         Date
Defendant

_____  8/7/16
ANN MASON RIGBY              Date
Assistant Federal Public Defender
Counsel for Defendant

_____  8-11-16
W. CLINTON CARTE             Date
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT B"

3